O

**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>AMENDED  CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 09-1758 VAP (DTBx)                              Date: January 11, 2010

Title:     YOUNG BYEON - *v* - MORAN HOME BUILDERS, INC., JOSE MORAN, JVD SERVICES INC. d/b/a PRO-GRAM REALTY, GOLDEN STATE APPRAISAL COMPANY, GMAC MORTAGE LLC a.k.a. GMAC MORTGAGE CORPORATION and DOES 1-10
================================================================
PRESENT:      HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

        Jim Holmes, Relief                              Phyllis Preston
        Courtroom Deputy                                Court Reporter

ATTORNEYS PRESENT FOR              ATTORNEYS PRESENT FOR
PLAINTIFFS:                        DEFENDANTS:

Kimberly L. McAlpin                Frederick A. Haist
David Tillson

PROCEEDINGS:     MINUTE ORDER DISMISSING ACTION IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE [Link & Term Doc. No. 12]

        On September 16, 2009, Plaintiff Young Byeon ("Byeon" or "Plaintiff") filed this action relating to the construction, sale, and possible foreclosure of her residence, against Defendants Moran Home Builders, Inc.; Jose Moran, Jr.; JVD Services Inc. d/b/a Pro-Gram Realty; Golden State Appraisal Company; GMAC Mortage,[1] LLC a.k.a. GMAC Mortgage Corporation; and 50 unnamed Does.  On November 30, 2009, GMAC filed a motion to dismiss the claims brought

---

        [1] This misspelling appears both in the caption and body of the Complaint.  (Compl. Cover, ¶ 5.)

| MINUTES FORM 11 | | Initials of Deputy Clerk: jh-relief |
|---|---|---|
| CIVIL -- GEN | Page 1 | Time: /08 |

against it pursuant to Fed. R. Civ. Pro. 12(b)(6). Plaintiff filed an Opposition on December 31, 2009,[2] and GMAC filed a timely Reply on January 4, 2010.

The Motion came before the Court for a hearing on January 11, 2010. After reviewing and considering all papers filed in support of, and in opposition to, the Motion, as well as the arguments advanced by counsel at the hearing, the Court GRANTS GMAC's Motion in part, and DISMISSES the action in its entirety, in part with prejudice and in part without prejudice, as set forth below.

## I. BACKGROUND

Plaintiff alleges that, on or about April 22, 2007, she agreed to purchase a new single-family house built by Moran Home in Victorville ("the house"), from Moran Home and Jose Moran, Jr. ("Moran") for $500,000. (Compl. ¶¶ 4-5.) She further alleges that, at that time, Defendants Moran, Moran Home, and JVD Services assured her that there was no need to inspect the house, as it was "absolutely free of defects." (Id. at ¶ 16.) Relying on this statement, Plaintiff did not obtain an independent inspection of the property. (Id.)

While the house was in escrow, it was appraised by Defendant Golden State Appraisal Company, which had been recommended by Moran, at a value of $450,000. (Compl. ¶ 9.) It appears the purchase price was adjusted to this value, and escrow closed on or about June 15, 2007. (Id. at ¶¶ 9, 10.) At the closing, Plaintiff paid Lawyers Title Company, which was administering the escrow transaction upon Moran's recommendation, a down payment of $112,250 and closing costs of $5,000. (Id. at ¶¶ 6, 10.)

Upon taking ownership of the property, Plaintiff found construction defects and "poor construction" in the house. (Compl. ¶ 11.) She immediately remodeled the flooring, kitchen, and bathrooms; found cracks in the driveway, patio, and walls; and discovered structural problems with the roof and plumbing. (Id. at ¶¶ 11-13.) In addition, no gas, telephone, or cable television lines had been connected to the house. (Id. at ¶ 13.) She alleges that the structural problems have worsened. (Id. at ¶ 14.) Plaintiff contends that the problems with the house are the result of defective construction and negligent workmanship. (Id. at ¶ 15.)

At some point, GMAC issued Plaintiff a purchase money loan secured by a deed of trust on the house. GMAC has issued a Notice of Default on the house, and intends to foreclose upon it. (Compl. ¶ 54.)

In her Complaint, Plaintiff brings eight claims: (1) for violation of 18 U.S.C. § 1828(o); (2) for breach of contract; (3) for fraud; (4) for misrepresentation; (5) for conspiracy; (6) for violation of California Senate Bill 800; (7) for negligence; and (8) for injunctive relief. The negligence claim is brought against all Defendants. The federal statutory claim and claim for injunctive relief are

---

[2] This filing was untimely under Local Rule 7-9, as in effect at that time. In light of Plaintiff's counsel's representation that she was ill (see McAlpin Decl. ¶ 2), the lack of prejudice to GMAC, and the interests of justice, the Court nonetheless considers Plaintiff's Opposition.

brought solely against GMAC.  The conspiracy and fraud claims are brought against all Defendants other than GMAC.  The breach of contract and California Senate Bill 800 claims are brought against Moran and Moran Homes alone, and the misrepresentation claim is brought against Moran, Moran Homes, and JVD Services.

As relief, Plaintiff seeks rescission or cancellation of her loan; statutory, punitive, and compensatory damages; injunctive relief; and attorney's fees, costs, and prejudgment interest. (Compl. ¶ 24, p. 10.)

## II. LEGAL STANDARD

Rule 12(b)(6) allows a party to bring a motion to dismiss for failure to state a claim upon which relief can be granted.  As a general matter, the Federal Rules require only that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In addition, the Court must accept all material allegations in the complaint -- as well as any reasonable inferences to be drawn from them -- as true.  See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic, 550 U.S. at 555 (citations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

In other words, the allegations must be plausible on the face of the complaint.  See Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (citations and internal quotations omitted).

If a Court concludes dismissal is appropriate, leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. Pro. 15(a).  The Ninth Circuit has held that "'[t]his policy is to be applied with extreme liberality." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003)  (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)).  Leave to amend should only be denied on a showing of bad faith, undue delay, prejudice to the opposing party, or futility of the amendment. Royal Ins. Co. of America v. Southwest Marine, 194 F.3d 1009, 1016 (9th Cir. 1999).

## III.  DISCUSSION

GMAC contends that Plaintiff has failed to state a claim for relief on any of the three claims

against it.

**A.     12 U.S.C. § 1828(o)**

The Complaint alleges that GMAC violated 12 U.S.C. § 1828(o) in that it "did not follow underwriting standard policy under this Code" and "did not do a proper loan administration under this Code."  It is unclear what Plaintiff is referring to in these allegations, nor does Plaintiff make any attempt to explain this claim in her Opposition.  Section 1828(o) does not set particular requirements for mortgage lenders.  Rather, it mandates that federal banking agencies adopt "uniform regulations for standards for extensions of credit" (12 U.S.C. § 1828(o)(1)-(2)), and provides a standard by which federal banking agencies are to evaluate loans (12 U.S.C. § 1828(o)(3)).  See also Office of Comptroller of Currency v. Spitzer, 396 F. Supp. 2d 383, 389 n.5 (S.D.N.Y. 2005), aff'd sub. nom. Clearing House Association, L.L.C. v. Cuomo, 510 F.3d 105 (2nd Cir. 2007), aff'd in part and rev'd in part, --- U.S. ---, 129 S. Ct. 2710 (2009) ("Section 1828(o) in turn directs federal banking regulators, including the OCC, to promulgate safety and soundness standards applicable to real estate lending.").  Even if this statutory provision contained a private right of action, an issue the Court need not reach, it imposes no obligation on GMAC whatsoever.  Accordingly, the 12 U.S.C. § 1828(o) claim is DISMISSED.  Since there are no conceivable facts upon which a claim under 12 U.S.C. § 1828(o) could be asserted against GMAC, the claim is dismissed with prejudice.

This action was filed in this Court pursuant to the Court's federal question jurisdiction, 28 U.S.C. § 1331, and this was Plaintiff's only federal claim.  In light of its dismissal, the Court declines to retain supplemental jurisdiction over the remaining claims, 28 U.S.C. § 1367(c), and DISMISSES all remaining claims against all Defendants without prejudice to Plaintiff's refiling in state court should she so choose.

## IV. CONCLUSION

In accordance with the foregoing, Plaintiff's claim for violation of 12 U.S.C. § 1828(o) is DISMISSED with prejudice, and all other claims are DISMISSED without prejudice to refiling in state court.

**IT IS SO ORDERED.**